UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VIDEIRA BOSTON IGREJA EM CELULAS INC., <br><br> Plaintiff, <br><br> v. <br><br> ALEJANDRO MAYORKAS, Acting Secretary of the U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; and KATHY A. BARAN, Director of the California Service Center, U.S. Citizenship and Immigration Services. <br><br> Defendants. | C.A. No. |

## COMPLAINT FOR MANDAMUS, APA JUDICIAL REVIEW & DECLARATORY RELIEF

COMES NOW, Plaintiff Videira Boston Igreja Em Celulas Inc., by and through undersigned counsel, and respectfully submit his Complaint for Mandamus, 28 U.S.C. §§ 1361, 1651, APA Judicial Review, 5 U.S.C. § 702 *et seq.*, and Declaratory Relief, 28 U.S.C. § 2201, in combination with federal question jurisdiction, 28 U.S.C. § 1331. In support thereof, Plaintiff respectfully states the following:

## INTRODUCTION

1. This is an action seeking APA Judicial Review along with Mandamus and Declaratory Relief in regard to the U.S. Citizenship and Immigration Services ("USCIS"), California Service Center's failure to adjudicate the Plaintiff's Form I-360, Petition for Amerisan, Widow(er), or Special Immigrant – Religious Workers, Case No. WAC1990334141 hereinafter Plaintiff's "I-360" Petition.

1

2. USCIS has a mandatory non-discretional duty to adjudicate the Plaintiff's pending I-360 Petition making this case appropriate for relief under 28 U.S.C. § 1361. USCIS' delay in adjudication of Plaintiff's application is unreasonable, arbitrary, and capricious. 5 U.S.C. §§ 706(1), (2)(A).

**PARTIES**

3. Plaintiffs are the visa petitioner and the visa beneficiary. The petitioner, **Videira Boston Igreja Em Celulas I (hereinafter "Videira Boston").** The Videira Boston is a Christian Church located in Revere, Massachusetts. The beneficiary of the Form I-360, Special Immigration Religious Worker petition is **Pastor Carlos Cesar Ramos**.

4. Defendant **Alejandro Mayorkas** is the Acting Secretary of the Department of Homeland Security and is charged with administering and enforcing the laws governing immigration and naturalization. Defendant is sued in his official capacity.

5. Defendants **Department of Homeland Security (hereinafter "DHS") and the U.S. Citizenship and Immigration Services (hereinafter "USCIS")**, are government agencies that oversee lawful immigration in the United States and are responsible for enforcing the Immigration and Nationality Act and for adjudicating and properly acting on the Plaintiff's Form I-360.

6. Defendant **Kathy A. Baran**, is sued in her official capacity as Director of the USCIS California Service Center ("CSC"). As Director of the California Service Center, Ms. Baran is responsible for the administration of the CSC, the USCIS Service Center which currently processes the Plaintiff's Form I-360, Special Immigration Religious Worker petition.

**JURISDICTION & VENUE**

7. This Court has jurisdiction pursuant to the federal question jurisdiction, 28 U.S.C. §1331, in combination with the Administrative Procedures Act, 5 U.S.C. § 701 *et seq*. *See Califano v. Sanders*, 430 U.S. 99 105-107 (1977).

8. The APA provides that "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by an agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

9. This Court may hold unlawful or set aside agency actions not in accordance with the law. 5 U.S.C. § 706(2)(A).

10. For the purposes of 5 U.S.C. § 704, Plaintiff lacks any statutory, regulatory, or administrative remedy. Therefore, the instant suit is properly filed. 5 U.S.C. § 704 ("[a]gency action made reviewable by status and final agency action for which there is no other adequate remedy in a court are subject to judicial review.").

11. Pursuant to 28 U.S.C. § 2201, this Court may, in the case of actual controversy, "declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201.

12. Pursuant to 28 U.S.C. § 1361, Action to Compel An Officer Of The United States to Perform His Duty, "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

13. Venue properly lies in this court pursuant to 28 U.S.C. § 1391(e)(1) in that this is an action against U.S. officers in their official capacity brought in the District where "(B) a substantial part of the events or omissions giving rise to [Plaintiff's] claims occurred," and "(C)[where] the Plaintiff resides, [as] no real property is involved in this action." 28 U.S.C. §§ 1391(e)(1)(B)-(C). Mores specifically, the Plaintiff resides in Revere, Massachusetts.

14. Jurisdiction is not stripped from this Court by 8 U.S.C. § 1252 *et seq.*, as this action is not a request to review a removal order.

## CAUSE OF ACTION

15. Plaintiff's repeat and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

16. On October 7, 2015, The Vine International Ministries Inc. filed a Form I-129 Petition for a Nonimmigrant Religious Worker for Pastor Carlos Ramos Case No. WAC1600550937. USCIS approved the I-129 petition on August 3, 2016. On June 21, 2018, the Petitioner filed a change of employer Form I-129 Petition for a Nonimmigrant Religious Worker for Pastor Carlos Ramos Case No. WAC1821150038. USCIS approved the I-129 petition (hereinafter "R-1 visa") on July 6, 2018. (Copies of the Form I-129 Approval Notices are attached hereto as Exhibit A).

17. On September 12, 2019, Plaintiff filed a Special Immigrant Religious Worker Petition, Form I-360, seeking to classify Pastor Carlos Cesar Ramos as a special immigrant religious worker -Case No. WAC1990334141. On December 23, 2020, Plaintiff filed Form I-129 Petition for Pastor Carlos Ramos Case No. WAC2108850923. (Copies of the Form I-360 and Form I-129 Receipt are attached hereto as Exhibit B). Plaintiff's Form I -360 and I-129 Petitions are currently pending with USCIS.

18. An I-360 Petition for an immigrant religious-worker visa is related to the R-1 Petition for a nonimmigrant religious-worker visa. The INA limits immigrant religious-worker visas to "no more than 5,000 in each fiscal year." 8 U.S.C. § 1153(b)(4). To obtain an immigrant religious worker visa, the worker's employer must file an I-360 Petition. 8 C.F.R. § 204.5(m). Such a petition requires the petitioner to establish, inter alia, that the beneficiary has been "carrying

on… continuously" the vocation of religious minister for the two-year period immediately preceding the filing of the immigrant petition. 8 U.S.C. § 1101(a)(27)(C)(iii). The petition is reviewed by the USCIS, and if it is approved, the beneficiary-religious worker can apply for a visa either from abroad or for adjustment of his or her status to a lawful permanent resident if he or she is already in the United States. *Id.*

19. The maximum duration of an R1 visa is five years. 8 C.F.R. § 214.2(r). Under this scenario, Pastor Carlos Ramos will reach 5 years in R-1 status on July 30, 2021 and will be required to depart the U.S. if his Form I-360 is not adjudicated by that date.

20. Plaintiff's Form I-360 has been pending since September 12, 2019 or 1 year, 7 months, and 2 weeks. According to the current USCIS California Service Center posted processing times, Form I-360, Petition for Amerisan, Widow(er), or Special Immigrant as of May 24, 2019. (USCIS California Service Center Processing Times are attached hereto as Exhibit C). On June 3, 2020, Plaintiff filed an E-inquiry with USCIS under referral ID: SR11552001899CSC as the Form I-360 was outside of normal processing times as posted on the USCIS website at that time.

21. USCIS stated that they could not provide a timeframe for when they would review the case and they would be making every effort to adjudicate the case in the most efficient manner based on the available resources. (USCIS Response to E-Inquiry dated June 11, 2020 is attached hereto as Exhibit C). On October 23, 2020, Plaintiff filed another E-inquiry with USCIS under referral ID:SR12832003843CSC. USCIS responded that the processing of the Form I-360 was within current processing times. *Id.* USCIS processing times no longer reflect that the Plaintiff's I-360 petition is outside processing time, which only further evidences the inconsistency in USCIS processing times.

22. The current estimated time range displayed on the USCIS website for this petition is 19 Months to 23.5 Months. Historic processing times evidence that for fiscal year 2020 USCIS processed Form I-360 in 11.4 months, however Plaintiff's Form I-360 remains pending after 18 months. (USCIS Historic Processing Times are attached hereto as Exhibit E). More specifically, USCIS cannot justify that 23.5 months is a reasonable processing time. Plaintiff's petition has been unreasonably delayed.

23. USCIS has a duty to adjudicate any application for any immigration benefit. Pertinent portion of 8 C.F.R. § 103.2 - Submission and Adjudication of Benefits Requested – (b)(19) - Notification of a decision:

> The Service *will* notify applicants, petitioners, and their representatives as defined in 8 CFR part 1 in writing of a decision made on a benefit request. Documents issued based on the approval of a request for benefits *will* be sent to the applicant or petitioner.
>
> 8 C.F.R. § 103.2 (b)(19) (emphasis added)

24. Because there is a statutory obligation to advise an applicant their denial or approval as to the benefit requested, USCIS must first act on or adjudicate whatever application it may be.

25. Accordingly, USCIS has a mandatory, non-discretionary duty to adjudicate, and process Form I-360, Case No. WAC1990334141. U.S.C. 706(1).

26. USCIS has unreasonably delayed the adjudication of Plaintiff's Form I-360 Petition. 5 U.S.C. 706(1).

27. USCIS has failed to take any action thereafter and has not adjudicated the pending petition for 1 year, 7 months, and 2 weeks.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that that this Honorable Court will:

28. Accept jurisdiction and review U.S. Citizenship and Immigration Services' failure to adjudicate Plaintiff's Form I-360, Special Immigrant Religious Worker Petition -Case No. WAC1990334141

29. Declare, pursuant to 28 U.S.C. § 2201, that U.S. Citizenship and Immigration Services (USCIS) California Service Center has unreasonably delayed the adjudication of Plaintiff's Form I-360, WAC199033414. 5 U.S.C. 706(1).

30. Order, pursuant to 28 U.S.C. §§ 1361, 1651, U.S. Citizenship and Immigration Services California Service Center to adjudicate Plaintiff's Form I-360- WAC1990334141 in a timely manner.

31. Award Plaintiff's costs and attorneys' fees and costs as permitted under 28 U.S.C. §§ 2412(a)–(b);

**Respectfully submitted,**

**/s/ Anthony Drago, Esq.**

**Anthony Drago, Esq. (BBO #552437)**
**Anthony Drago, Jr., P.C.**
**88 Broad Street – 5th Floor**
**Boston, MA 02110**
**Phone: (617) 357-0400**
**Anthony@adragopc.com**

## EXHIBIT LIST

**Exhibit A-** Form I-129 Approval Notices, pgs. 1-2

- Form I-129 Petition, Petitioner: The Vine International Ministries, Case No. WAC1600550937, valid from 07/03/ 2016 to 01/29/2019
- Plaintiff's Form I-129 Petition Approval, Change of Employer to Plaintiff, WAC1821150038, valid from 07/06/2018 to 01/05/2021

**Exhibit B**- Plaintiff's Receipt for Pending Petitions, pgs. 3-4

- Form I-360, Special Immigrant Religious Worker Petition, WAC1990334141, filed December 23, 2020
- Form I-129 Petition, Nonimmigrant Religious Worker, WAC2108850923, filed December 23, 2020

**Exhibit C** – USCIS California Service Center Processing Times for Form I-360. Pgs. 5-6;

**Exhibit D** – USCIS Responses to E-Inquiries filed by Plaintiff, pgs.7-8;

- USCIS Response to E-Inquiry, dated June 11, 2020
- USCIS Response to E-Inquiry dated October 23, 2020

**Exhibit E** – USCIS Historic Processing Times and Proof of Pending Case Status, pgs. 9-11.